The opinion of the court was delivered by
Gibson, J.
These bills of exception all depend on the supposed eonclusiveness of what I shall for the present call the lease. That *385 a tenant cannot deny, his landlord’s title, is certain; and, by an application of this rule to the circumstances of the case, the court excluded the evidence with which the defendant offered to impeach an original title, with which also the landlord set out. Where a landlord shows no title, but asks to be restored to the possession with which he parted, good faith requires it should be redelivered to him, it being no answer to say he is not the owner of the land. But where, as in this case, hé claims on the separate grounds of original title, and as having parted with the possession pursuant to a lease, the defendant will be permitted to' meet him separately on each. Here the plaintiff showed an office title, apparently sufficient to entitle him to the land. He also showed an agreement, said to be a lease, which, independently of his office title, entitled him, as he said, to the possession; and the court, assuming the existence of this agreement as a valid lease, prohibited the defendant from showing that the office title was not in the plaintiff, but a third person. It is plain, therefore, that the defendant may have been exposed to the office title'with his hands bound, although he may have succeeded in disproving the existence of the lease to the entire satisfaction of the jury; and thus, for the purpose of excluding one branch of the defence, the court assumed the very fact that was put in issue by the other.
It appeared, from the plaintiff’s own evidence, that previous to the execution of the agreement called a lease, he had exhibited to the defendant and others his office title, consisting of a patent, in which is recited a location and conveyance from the person who had taken it out; and the defendant then offered to prove that this conveyance was a forgery, and that the patent was procured by fraud and surprise. Now, beside that what has just been said is equally applicable to this point, there is another reason why the evidence was indisputably competent. A tenant -may impeach his landlord’s title, whenever he can show that he was induced to accept of the lease by misrepresentation and‘fraud; and the exhibition of a title founded in forgery, to induce a person already in possession to accept of a lease, is an act whose character is too unequivocal to be doubted. The evidence, therefore was admissible to show that the agreement was procured by imposition and deceit. -
But I cannot discover in this agreement a single feature of a lease. It contains neither words of demise, nor reservation of rent, nor any other part of a regular lease. These ingredients, no doubt, are not essential, it being sufficient if it appear to havejbeen the intention of the lessor to dispossess himself of the premises, and of the lessee to enter pursuant to the agreement. In our case, however, the agreement was nothing more than that a person already in possession under a claim of title should abandon the premises at a'day certain. For a breach of this, an action would lie, *386 but it created nothing like tenure; nor could it operate as an estop-pel. It will be perceived, therefore', that the foundation of the whole fails.
Judgment reversed, and a venire facias de nova awarded.