Allen, P.
delivered the opinion of the court:
This is a supersedeas to a judgment of the Circuit court reversing a judgment of the County court in favor of the plaintiff in error Alderson, upon a summons for unlawful detainer sued out against him by the defendant in error Miller. Such a proceeding involves no question of title, the question being whether the plaintiff is, as against the defendant, entitled to the possession, although for the purpose of determining who is so entitled to the possession, the title may be given in evidence. In the case under consideration, it does not appear that Miller gave any evidence of title on the trial. He seems, from the statement in the first bill of exceptions, to have rested his right to recover upon his character of landlord, seek *282 ing restitution of possession from a tenant holding over after the expiration of his term. The questions made by the bills of exception arise upon the supposition that the parties stood in the relation towards each other of landlord and tenant. On the trial Miller gave in evidence, as the bill of exceptions states, a writing purporting to be a lease, whereby Alderson rented from him the land for the term of one year, and bound himself to render up peaceable possession at the end of the term; and proved that at the end of the term he demanded a surrender of the leased premises, which was refused by Alderson. The latter thereupon offered to read in evidence a decree which is set out in the bill of exceptions, and after reading said decree, he also upon the same state of proof offered in evidence a deed to himself for the land in controversy from George Alderson and John Anderson, dated the 15th of December 1829. The deed describes the land as part of a survey of twenty-eight thousand two hundred and eighty and a half acres, made for and granted to Henry Banks, and sold by the attorney of said Banks to the said G. Alderson and J. Anderson. To the reading of the copy of the decree and the deed in evidence Miller objected; but as the defendant in the court below stated that he expected to prove the lease referred to was procured through mistake or fraud, and that he had himself title to the land; and that said decree and deed were necessary items of proof to establish said facts, the court overruled the objection, and permitted the decree and deed to be read as evidence: to which decisions the said Miller excepted.
The general rule that a tenant should not be permitted to contest his landlord’s title, is too well settled to require the citation of any authorities to sustain it. The rule rests upon principles of justice and good faith. The tenant enters under his landlord, and ac *283 quires possession by admitting his title. It would be a breach of good faith to attempt to hold a possession so obtained, by impeaching the landlord’s title. In most cases at law the plaintiff’s action may be defeated by showing that the right to the subject in controversy is in a third person. In a writ of right the constructive seizin conferred by a grant could be defeated by proof of a valid outstanding title in a third person; and in ejectment the lessor of the plaintiff must, in almost every case, show a good title against all persons. The exception in favor of the landlord as against his tenant, is a departure from the strict rule of law. But a principle adopted to promote justice and good faith, must not, as was said by C. J. Tilghman in Hamilton's lessee v. Marsdon, 6 Binn. R. 45, be used as an instrument of fraud and violence. In that case the tenant, to prove adverse title, was permitted to show that being in possession under a lease from a third person, the plaintiff in the ejectment came with others armed and threatened to turn him out of the premises, unless he took a lease from him, which he did. So in the case of Miller v. McBriar, 14 Serg. & Rawle 382, a person in possession was induced by the plaintiff who exhibited a patent, to enter into an agreement called a lease. The tenant offered to prove that the patent was procured by fraud. Gribson, O. J. said that a tenant may impeach his landlord’s title whenever he can show that he was induced to accept the lease by misrepresentation and fraud, and the exhibition of a title founded in forgery to induce a person already in possession to accept of a lease, was an act of an unequivocal character; and the evidence was admissible to show that the agreement was obtained by imposition and deceit. To the same effect is the case of Brown v. Dysinger, 1 Rawle’s R. 408, where a lease was unfairly obtained from a *284 person in possession of the land. The case of Ball v. Lively, 2 J. J. Marsh. R. 181, establishes the same proposition. In that case the defendant in possession against whom there had'been a judgment and recovery in ejectment for part of the land in his possession, was induced by a person who had no authority to enforce the judgment, to take from him a lease, which recited that the plaintiffs in ejectment had recovered the whole of the premises. The court decided that if a person in possession of land be induced by fraud to become lessee of one having no claim to the land, he may disclaim the tenancy, and rely on his precedent possession, from which he has been seduced by false and delusive pretences. That was a case of forcible detainer, and so far as the facts of the present case can be collected from the bills of exception, may have been alike in its circumstances. The tenant Alderson was in possession when he executed the lease, for it describes the land as the land he then lived on. The deed to him from George Alderson and John Anderson was dated the 15th of December 1829. And the decree shows that in two suits between the widow and heirs of John F. Schermerhorn deceased, and said G. Alderson and J. Anderson and others, Alderson and Anderson were required to surrender and deliver up to the widow and heirs aforesaid possession of a portion of the tract of twenty-eight thousand two hundred and eighty and a half acres in said county of Greenbrier; and unless they should do so, the decree directed the sheriff to deliver to Mrs. Schermerhorn possession of such of the land conveyed to her by the commissioner of the court, as the sheriff should find in the possession of Alderson and Anderson, or either of them, or in the possession of any person who had come into possession under them since the 23d of March 1837, when the first of the chancery suits was *285 instituted. The land referred to in the deed corresponds in the description of quantity and county where situated, with the tract a portion of which was conveyed by Alderson and Anderson to the plaintiff in error by the deed dated the 15th of December 1829, long prior to the 23d of March 1837, and the sheriff was not therefore authorized to deliver possession of it under the decree. How Miller the plaintiff in the court below claimed the land, does not appear. Prom the exception it would seem that after giving the lease in evidence and proving a demand and refusal to surrender, he there rested his case. Although he showed no title, yet if he had acquired possession and had parted with it to his lessee, good faith required he should be restored to the possession ; and if the transaction had been fair, it would have been no answer to say he was not owner of the land. To lay a foundation to impeach his right to a restoration of the possession, it was incumbent on the tenant to show that he had held possession previous to the lease, under some claim of title, and that he was induced to surrender possession, if in fact he did surrender possession, and to take a lease by fraud and imposition of the landlord. To this end the deed to him was proper evidence, and the decree also as showing the exception in favor of those who came into possession under his vendors prior to the 23d of March 1837. The decree might also have been material, if any misrepresentation of its character had been made and the party in possession had not been apprised of the exception in favor of those who had come into possession under Alderson and Anderson prior to the day last aforesaid.
The proof being legal, and offered for the purpose set out in the bills of exceptions, the order in which it was offered was of no importance. In view of the object avowed, it would seem that they should have *286 been first offered as showing an actual possession under claim of title before he surrendered possession and under the lease, and then to introduce the evidence of fraud and imposition. If any reason had exisf;e(3 to induce the court to believe that these papers were offered merely to produce an improper impression on the jury, and that it was not intended to follow them up by evidence tending to prove fraud or imposition, the court perhaps might have required the party to reverse the order of his proof. These are matters occurring in the progress of a trial, which must be left in a great measure to the control of the court which is supervising it. If not followed by any evidence tending to prove the fraud and imposition, the jury can be instructed to disregard it.
It was insisted that the decree should not have been admitted because it does not show on its face that it referred to the land in controversy. It is not necessary to determine that question upon this bill of exceptions. It was proof that such a decree was rendered, and whether the party offering it showed by other evidence, as he might have done by the admission of the adverse party, that the deed and decree referred to the same twenty-eight thousand two hundred and eighty and a half acres of land in Greenbrier does not appear. It does not appear that any motion was made to instruct the jury to diregard this evidence because not followed up by other evidence necessary to make it available. The objection seems to have been rested rather upon the time of offering the proof, than upon the admissibility of the proof in a different stage of the trial. A verdict was found and judgment rendered, without any exception to the rulings of the court in any other particular; there was no motion for a new trial; the facts proved were not spread on the record. The presumption therefore is that the defendant below *287 did show a previous possession under title which he never had surrendered, and so showed a better right to the possession than his adversary j or if he did surrender possession and re-enter under the alleged lease, that it was procured through fraud.
It seems to me that there was no error in the judgment of the County court, and that the Circuit court, instead of reversing, should have affirmed it.

Judgment of the Circuit court reversed,, and that of the County court affirmed*