## Staunton.

## LOCKE v. FRASHER'S ADM'R.

September 25, 1884.

1. UNLAWFUL DETAINER—*Equitable Defence.*—In this action, as well as in ejectment, under plea of not guilty, defendant can avail himself of defence provided by Code 1873, ch. 131, § 20, but only when "there is a writing stating the purchase and the terms thereof, signed by the vendor or his agent." *Dodson* v. *Culpepper*, 23 Gratt. 355.

2. IDEM—*Landlord and Tenant—Denial of Title.*—The general rule that tenant cannot deny landlord's title, is not varied when tenant is in actual possession at the time he accepts the lease. *Emerick* v. *Tavener*, 9 Gratt. 223-4.

3. IDEM—*Fraud or Mistake.*—Person possessing and claiming title to land, by mistake supposes another to have better title, and takes a lease from him. In action by lessor to recover possession, tenant may set up such mistake and show he had good title to the land; *provided,* such mistake was induced by the lessor through misrepresentations amounting to fraud. *Alderson* v. *Miller*, 15 Gratt. 279.

4. IDEM—*Purchase—Lease.*—One in possession under agreement to purchase, cannot be ousted before his lawful possession is determined by demand or otherwise. (*Williamson* v. *Paxton*, 18 Gratt. 491). Yet such possession may be determined by the acceptance of a lease.

Error to judgment of circuit court of Clarke county, rendered October 31st, 1883, affirming judgment of county court of said county in an action of unlawful detainer, wherein M. N. Frasher, administrator of John H. Frasher, deceased, was plaintiff, and Josiah R. Locke was defendant. Opinion states the case.

*Samuel J. C. Moore,* for the plaintiff in error.

*J. J. Williams,* for the defendant in error.

VOL. LXXIX—52.

FAUNTLEROY, J., delivered the opinion of the court:

This action, unlawful detainer, was instituted to recover pos-
session of a tract of 155 acres of land ; and the plaintiff, in
order to prove his right to such possession, produced and put in
proof a written contract between him, as administrator of John
H. Frasher, and the defendant, J. R. Locke, whereby the said
land was rented or leased to the said defendant, Locke, from
September 1st, 1882, to March 1st, 1883 ; and he also proved that
defendant was still in possession of the land.

The defendant offered to prove that when he signed the said
written contract of lease he did so under a mistake and misap-
prehension of fact ; that he had been put into possession of the
said land by John H. Frasher (the plaintiff's intestate), in his
lifetime, as a purchaser at a stipulated price, and that he had
complied with the terms of his purchase. The plaintiff objected
to the admission of the evidence offered by the defendant, and
the county court sustained the objection and rejected the evi-
dence ; to which ruling of the court the defendant excepted,
and filed two bills of exception. The jury found a verdict for
the plaintiff and the court entered judgment accordingly ;
which judgment, upon appeal, was affirmed by the circuit court.

The record in the case and the petition for appeal to this
court present only the single question, whether the court erred
in excluding the evidence offered by the defendant, as set forth
in his two bills of exception. There was no exception to the
ruling of the court in any other particular ; there was no
motion for a new trial ; the facts proved were not spread upon
the record, and the only ground of error assigned is, that the
court erred in excluding the evidence offered by the defendant,
as aforesaid.

The defendant was the tenant of the plaintiff under a written
lease, in which he expressly stipulated to give quiet possession,
on the 31st of March, 1883, of the farm specified in the lease,
but he did not give possession, and he attempts to justify his

failure and refusal to give possession of the land, as he contracted to do, by offering to prove that he was put into possession of said farm by John H. Frasher, in his lifetime, as a purchaser at a stipulated price; that he had complied with the terms of his contract of purchase, and that he had been in possession of the land ever since his alleged contract of purchase. It is claimed in the petition that such a defence may be made under the plea of not guilty in the action of unlawful detainer, and this upon the authority of the case of *Dodson* v. *Culpepper & Wife*, 23 Gratt. 355. But that case is based upon the provision of the Code 1873, ch. 131, § 20, which applies when, and *only* when, " there is a writing stating the purchase and the terms thereof signed by the vendor or his agent;" while in the case at bar there is no pretence that there was any such writing, and the offer of proof does not embrace this feature, essentially indispensable to the case of the defendant to enable him to get the benefit of the statute and of the decision in *Dodson* v. *Culpepper & Wife*, based upon it.

Indeed, in that case (p. 356), it is said, "a vendor of land who had put the purchaser in possession, whilst the contract remains executory, has the legal title as to such purchaser; and, unless the said provision of the Code apply to the case, may demand possession of the purchaser, and recover it from him by an action of ejectment or of unlawful detainer."

The fact of the lease is not disputed by the defendant; and his offer of proof expressly admits it; his position being that, admitting that he had, by said lease, recognized that he was plaintiff's tenant, and that, as tenant, he would not be allowed to dispute his landlord's title, yet he claims that the lease does not estop him from disputing the right of plaintiff to possession, because, "when he signed that lease, he did so under a mistake and misapprehension of fact." Citing *Alderson* v. *Miller*, 15 Gratt. 279. An examination of that case, and of the cases referred to in it, shows that to enable a tenant to dispute his landlord's title, he must prove not only that he entered into

the lease under a "mistake and misapprehension of fact," but also that such mistake was induced by the lessor through misrepresentations amounting to fraud. The court, in that case, expressly says, "to lay a foundation to impeach his (landlord's) right to restoration of the possession, it was incumbent on the tenant to show that he had held posession previous to the lease, under some claim of title, and that he was induced to surrender possession (if in fact he did surrender possession), and to take a lease, by fraud and imposition of the landlord." All the cases cited in the opinion of the court are cases in which the tenant was induced to take the lease by "*fraud*," or "*violence*," "*imposition*" and "*deceit*," or "*unfairness*," on the part of the plaintiff, or of one under whom he claimed.

The offer of proof, to which objection was made in the case of *Alderson* v. *Miller, supra,* was "that the lease referred to was *procured* through mistake or fraud," while the offer here, in the case at bar, is, that the defendant, when he entered into the contract of lease of September 5th, 1882, between himself and the plaintiff, did so "under a mistake and misapprehension of facts." The difference is most important, and the failure in the offer, in the case at bar, to include anything amounting to a charge that the lease was procured by fraudulent misrepresentations on the part of any one, still less of the landlord or plaintiff, is fatal. To come within the exception to the general rule, that the tenant cannot gainsay his landlord's title, he must prove all that is necessary to constitute the exception ; and his offer of proof must include all the substantive facts necessary. It is fair to presume that the offer of proof will be as strong as the evidence at hand will warrant ; and it is not conceivable, that, if the defendant had been prepared to prove that the lease was procured by fraudulent misrepresentations on the part of the plaintiff he would have failed to make his offer of proof to import it. In *Alderson* v. *Miller* the evidence was admitted, and the verdict and judgment were for the defendant ; and the affirmation of the judgment was on the ground of "the presumption

that the defendant, in the court below, did show a previous possession, &c., and that the alleged lease was procured through fraud."

In the case under review, the court rejected an offer of proof, which did not include the needful elements of admissibility, and because the evidence offered tended to show a state of facts which would not constitute a defence to the plaintiff's action.

It is further contended in the petition, that the defendant was not put into possession of the land by the plaintiff, the other party to the lease, but by his vendor, John H. Frasher, and that the defendant is entitled in equity to a conveyance of the legal title to the land from the heirs of his alleged vendor, John H. Frasher. And Chitty on Contracts, 10th edition, page 357, is cited as authority, that, while a tenant may not dispute the title of one from whom he has received possession, he may dispute the title of one to whom he has "merely attorned by mistake.". But this is not a case of attorning by the defendant to the plaintiff, under a lease from John H. Frasher; but the case of one in possession, it is claimed, under a purchase from John H. Frasher, who enters into a lease—a new, express contract in writing— with the plaintiff himself. In the case of *Emerick* v. *Tavener*, 9 Gratt. 223-4, it is said, " that a tenant cannot be permitted to question or impugn the title of his landlord, &c., nor to deny that the possession, so received, was the possession of his landlord." "Nor is the rule varied when the tenant is in actual possession at the time he accepts the lease; he thereby as effectually recognizes the title and possession of the lessor, as if he had entered and taken possession under and by virtue of the lease itself."

In that case it was held that it was right to exclude documentary evidence, offered by the defendant, for the reason, "that the plain object and purpose with which the defendant sought to give this evidence to the jury was to impugn and call in question the title of Tavener to the land. This, it has already been shown, they could not be permitted to do in this action."

In this case, even if Locke, the defendant, had possession under his alleged purchase from the plaintiff's intestate, John H. Frasher, his such possession was determined by his execution of the lease; and his possession thenceforward was, admittedly, under the lease, and not under the alleged contract of sale.

We are of the opinion, that the evidence offered by the defendant in the action of unlawful detainer, was properly rejected and excluded by the court; and that there is no error in the judgment of the county court of Clarke, nor in the judgment of affirmance by the circuit court complained of, and the same must be affimed.

JUDGMENT AFFIRMED.