# CHARLESTON.

## BRUMBAUGH *v.* STERRINGER.

### Decided April 21, 1900.

1. UNLAWFUL DETAINER—*Summons—Description.*

    C. B. brought his action of unlawful entry and detainer before a justice against S., in which the summons to defendant was "to answer the complaint of C. B. in a civil action for the recovery of possesson of lot No. 37," etc., and after the description of the premises in question, "being the same lot upon which said S. resides, and unlawfully withholds the possession from the plaintiff." *Held* sufficient, under section 212, chapter 50, Code. (p. 124).

2. EQUITABLE CLAIM—*Remedy—Equity.*

    In an action of unlawful entry and detainer before a justice, if the defendant holds possession alone upon a purely equitable claim, having no writing or colorable title, and relies only upon such equitable claim, the title to real property is not thereby brought in question between the parties, as contemplated in clause 11, section 50, chapter 50, Code, and defendant's remedy, if any, is in a court of equity. (p. 125).

Error to Circuit Court, Tucker County.

Action by Chester Brumbaugh against Jacob A. Sterringer. Judgment for plaintiff was reversed by the circuit court, and he brings error.

*Reversed.*

E. P. DURKIN, for plaintiff in error.

CUNNINGHAM & STALLINGS, for defendant in error.

MCWHORTER, PRESIDENT:

This is an action of unlawful entry and detainer brought by Chester Brumbaugh before a justice in Tucker County against Jacob A. Sterringer for the possession of a house and lot in the town of Thomas. On the 4th day of January, 1899, the return day of the summons, defendant appeared, and moved the justice to quash the summons, which motion was overruled, to which ruling defendant excepted, and filed his bill of exceptions No. 1. The defendant then filed his affidavit, stating that the title to the real estate described in the action would come in question upon

the trial of the case; that the defendant was the owner of a one-half undivided interest in said property or real estate. Plaintiff filed a counter affidavit, denying that the title to said real estate would come in question, and averring that defendant was not the owner of a one-half undivided interest in said property, and that plaintiff was the sole owner thereof in fee simple. The case was then continued until the 9th day of January, 1899, on which day the defendant filed an amended and supplemental answer, and affidavit stating: That "on the 11th day of July, 1898, defendant and B. Baker purchased and bought from one Joseph Vincent the property in controversy, and they were to be half owners in common, or each to one-half undivided interest in the property; but that the deed for the property, upon the advice of J. P. Scott, attorney at law and scrivener of the deed, it was agreed that the legal title should be taken and held in the name of B. Baker, but that the said J. A. Sterringer should assume and pay off the building and loan debt, which he proceeded to do, and did do, for the period of four or five months, and that such indebtedness of B. Baker to J. A. Sterringer, for board, etc., should entitle the said Sterringer to an equitable one-half undivided interest in the property. All of which the plaintiff, Chester Brumbaugh, had full notice and knowledge before his attempted or pretended purchase of the property in controversy from the said B. Baker, on the —— day of December, 1898, or the date of the deed from Baker to Brumbaugh. That the said Sterringer and Baker, since said purchase from Vincent, have leased and rented portions of the property in controversy by a written lease to one E. P. Durkin, for a law office, which lease was signed by the said Sterringer and Baker, as the owners and lessors, to the said E. P. Durkin, as lessee, with full notice and knowledge to the said B. Baker that they were signing said rental agreement or lease as said owners." The plaintiff failing to file a counter affidavit of reply to said amended and supplemental affidavit, defendant moved the justice to dismiss the plaintiff's action, which motion was overruled, to which ruling defendant excepted, and filed his bill of exceptions No. 2. On motion of the plaintiff, the justice awarded a *venire facias* for a jury, to which defendant objected, and excepted, and filed his bill of exceptions No. 3. A jury was impaneled and sworn, and, after the evidence was all in, the defendant demurred to plaintiff's evidence. The jury re-

turned a conditional verdict that, if the law was for the plaintiff, then their finding was for the plaintiff that he was entitled to the possession of the property in controversy, and assessed his damages at twenty-five dollars; but, if the law was for the defendant, then their finding was for the defendant. The justice overruled the demurrer to the evidence, and rendered judgment for the plaintiff for the possession of the premises and for said damages. The defendant filed bill of exceptions No. 4, which was signed and made part of the record. Defendant obtained from the judge of the circuit court of Tucker County a writ of *certiorari,* upon the hearing of which, on the 16th of March, 1899, the plaintiff moved the court to dismiss the writ of *certiorari* as improvidently awarded, which motion defendant resisted, and moved the court to reverse the action of the justice by dismissing the case; and the court, upon examining and considering the transcript and complete record, was of opinion that the title to real property was in question, and did come in question, upon the trial of said cause, and that the justice should have dismissed the case at the plaintiff's costs, and the court, proceeding to render such judgment as the justice should have rendered, dismissed the case, and entered judgment against the plaintiff for costs; and it appearing to the court, by affidavit filed, that, before the writ of *certiorari* was granted, the justice awarded a writ of possession to plaintiff for the premises in question in the case, and that plaintiff had notice of the application for a writ of *certiorari,* said writ of possession was executed, and plaintiff placed in possession of the premises, the court reversed the action of the justice in awarding the writ of possession, and granted a writ of possession to defendant to cause him to be restored to his possession of said premises,—to all of which rulings of the court plaintiff objected and excepted, and obtained from one of the judges of this Court a writ of error, and assigned as errors the awarding of the writ of *certiorari,* as the record in the cause did not warrant it; that it was error to overrule plaintiff's motion to dismiss the writ of *certiorari* as improvidently awarded; in dismissing the cause, and reversing the action of the justice in awarding to the defendant a writ of possession, when everything in the record showed that he had possession of the premises in controversy; and in considering the *ex parte* affidavit of A. M. Cunningham, informing the court of the fact of

the issuing by the justice, and the execution of the writ of possession in favor of the plaintiff.

The defendant's first bill of exceptions was taken on the ruling of the justice refusing to quash the summons, because it did not conform to the provisions of section 212, chapter 50, Code, in that defendant was required "to answer the complaint of Chester Brumbaugh in a civil action for the recovery of the possession of lot No. 37," etc., when said section requires it to be "to answer the action of plaintiff for unlawfully withholding from the plaintiff the premises in question," etc. It is stated further on in the summons that the said defendant "unlawfully withholds the possession of said premises from the plaintiff." It is not the purpose of the statute to prescribe a particular form, but the summons is only required "to be sufficient on its face to show what is intended thereby." The summons in this case gives the defendant ample notice that he is required to answer the complaint of plaintiff in an action for the recovery of the possession of the premises described, which defendant is unlawfully withholding from plaintiff. This contains all the elements of the summons required by said section 212, although not in the precise words of the statute. Section 26, chapter 50, provides that "no summons shall be quashed or set aside for any defect therein, if it be sufficient on its face to show what is intended thereby,"— which applies as well to a summons in unlawful detainer as to that in any other proceeding. It was the intention of the lawmakers to simplify the pleadings in justices' courts, and to have the same as untechnical as might be consistent with the due administration of justice in that court, established so near to the people, and usually held by men not familiar with the technicalities of the law.

Plaintiff's first assignment of error, that the *certiorari* should not have been awarded, as "the record presented did not warrant it," and the second, in overruling plaintiff's motion to dismiss the writ as improvidently awarded, are to the same effect.

The fourth bill of exceptions taken by defendant was to the action of the justice in overruling the demurrer to plaintiff's evidence. Plaintiff's counsel in his brief calls attention to the fact that, after the return of the verdict, the defendant did not ask the justice to set the same aside and grant him a new trial, and, not having done so, he will be held to have waived any and all objection to the verdict. The verdict was a conditional

verdict, and there was no finding of facts by the jury. In *Proudfoot* v. *Clevenger,* 33 W. Va. 267, (10 S. E. 394), it is held that, "where a case is decided upon a demurrer to evidence, the judgment will be reviewed by this Court upon such demurrer to evidence, though there was no motion made in the trial court for a new trial." But where the trial has been had, and the facts passed upon by a jury, it is different, as in the case of *State ,*v. *Phares,* 24 W. Va. 657, where it is laid down that in a case tried by a jury, no matter how many exceptions are taken to rulings of the court during the trial, unless a motion is made to set aside the verdict, and it is overruled, all such errors saved will by the appellate court be deemed as waived. This cannot apply to a case where the case is taken from the jury, and passed on by the court, and where the verdict is simply a finding conditional entirely upon the decision of the court upon the demurrer to evidence.

Admit the answer of defendant to be true; does it appear therefrom that the title to real property is in question, or would come in question, on the trial of said cause? It shows that he has a claim, but it is purely equitable, and can only be enforced in a court of equity, and the evidence in the case does not disclose any other right or title in the defendant. He has no writing or colorable legal title, but is in possession merely on his equitable right as one of the purchasers, may be lawfully in possession, but can only maintain his right to hold in a court of equity. In *Dobson* v. *Culpepper,* 23 Grat.352, Judge Moncure says the provisions of the Code (section 20, chapter 135), concerning equitable defenses in ejectment (which is the same as section 20, chapter 90, Code), applies as well to the action of unlawful detainer as to the action of ejectment, which are concurrent remedies in such case, and continues: "A vendor of land who has put the purchaser in possession, whilst the contract remains executory, has the legal title as to such purchaser, and, unless the said provisions of the Code apply to the case, may demand possession of the purchaser, and recover it of him by an action of ejectment or unlawful detainer, at least, unless since the date of the purchase the interest of the vendor in the land has terminated, or been transferred by him to another." 2 Bart. Law Prac. p. 1167; *Burnett* v. *Caldwell,* 9 Wall. 290, 19 L. Ed. 712; *Williamson* v. *Paxton,* 18 Grat. 475; *Locke* v. *Frasher's Adm'r,* 79 Va. 409. Mr. Hogg, in his most valuable work on

Pleading and Forms (2d Ed., at page 27), in speaking of the action of unlawful entry and detainer, says: "This action is brought to determine the right of possession, and the matter of title cannot be determined therein, and is only considered as it might bear upon the mere right of possession. It can therefore rarely, if ever, be brought directly in issue in this action, but merely collaterally; and hence a verdict and judgment in an action of unlawful entry and detainer does not conclude the plaintiff of the defendant as to his title, but either may subsequently test this in an action of ejectment." If defendant shall be able to establish in equity his right as set out in his amended and supplemental answer, and affidavit, the result will brobably be that B. Baker will be held to have held the undivided one-half of said property in trust for defendant.

Plaintiff's third assignment, that the court erred in dismissing the cause and reversing the action of the justice, from what has just been said, must, of necessity, be sustained, however inequitable it may appear, in view of the evidence in the case. The defendant has evidently mistaken his defense. The conclusion arrived at in the case renders notice of the fourth and fifth assignments unnecessary. The judgment of the circuit court will be reversed, and that of the justice affirmed.

*Reversed.*