## CHARLESTON

FRUM *v.* PRICKETT.

Submtted February 13, 1912.   Decided November 12, 1912.

1. MORTGAGES—*Foreclosure Sale—Action for Possession.*
    A purchaser at a trustee's sale, with deed, may under section 211, chapter 50, Code 1906, maintain an action of unlawful detainer against the grantor in the deed of trust, to recover possession of the land purchased.   (p. 247).

2. JUSTICES OF THE PEACE—*Jurisdiction—Title to Land—Affidavit of Defendant.*
    A justice does not, by section 50, chapter 50, Code 1906, lose jurisdiction of an action of unlawful detainer upon the filing by defendant of his affidavit that the title to the land sued for will come in question, and omission by plaintiff to file a counter affidavit, unless the facts alleged in defendant's affidavit show that the legal title will in fact be involved on the trial. Facts alleged constituting grounds for equitable relief will not do.   (p. 276).

Error to Circuit Court, Marion County.

Action by C. B. Frum against Marshall J. Prickett. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Harry Shaw* and *Howard N. Ogden,* for plaintiff in error.

*Lazzelle & Stewart,* for defendant in error.

MILLER, JUDGE:

In an action of unlawful entry and detainer, begun before a justice, the verdict of the jury, and the judgment of the intermediate court of Marion County, upon appeal, was for plaintiff, for the land sued for. That judgment was, upon appeal to the circuit court, affirmed there, and the case is here upon a writ of error to the judgment of affirmance.

Plaintiff purchased the land sued for at a sale by a trustee to whom the defendant had conveyed it as security for a debt, and had obtained from the trustee a deed for the property, April 11, 1908, which describes the land by metes and bounds, and by reference to prior deeds, exactly as described in the summons.

The first point made is that section 211, chapter 50, Code 1906, does not authorize unlawful entry and detainer by such purchaser against the grantor in the deed of trust. It is contended that that statute, which limits the jurisdiction of a justice, applies only to two classes of cases: First, where there has been forcible or unlawful entry on land; second, when a tenant let into possession by his landlord detains possession after his right has expired, and that the statute gives no right to a purchaser at a trustee's sale to maintain such suit, the contention being that the language of the statute "the party so turned out of the possession, no matter what right or title he had thereto, or the party against whom such possession is unlawfully detained, may commence suit to obtain possession of the land and damages for its detention, within two years after the cause of action accrues," is limited to the two classes of cases referred to, and can not be enlarged by construction to include others.

Speaking for myself, if uncontrolled by prior decisions, I would be strongly inclined to this construction of the statute. Text books and judicial decisions from other states having similar statutes, hold, that the remedy of a mortgagee or trustee is ejectment, not unlawful entry and detainer. Jones on Landlord and Tenant, §563, citing Arkansas cases and a New York case. These cases hold that a mortgagor is not a tenant within the meaning of the unlawful detainer act. In Tennessee, *Griffith* v.

*Brackman,* 97 Tenn. 387, 49 L. R. A. 435, holds with decisions from other states, that mortgages and deeds of trust may by specific provisions provide that after breach the mortgagor or grantor in the trust shall become tenants of the mortgagee or purchaser under the mortgage or deed of trust, and the latter be thereby clothed with the rights of a landlord under the unlawful entry and detainer statute. See, also, valuable note to this case, particularly paragraph IV, relating to rights of purchasers under trust deed, referring to cases from other states, including Missouri. In Colorado, a broad statute, not susceptible of a different construction, gives the right of unlawful detainer in any case where ejectment would lie. Colo. Code, chapter 23, section 1; *Smith* v. *Soper,* 12 Colo. Court Appeals Rep. 264.

But the other members of the Court, with whom I am not disposed to disagree, are of opinion that our statute, section 211, chapter 50, and section 1, chapter 89, Code 1906, remedial statutes, should be given a broader and more liberal construction. The statute of Virginia, of 1814, covering the subject, was so construed in the early case of *Allen* v. *Gibson,* 4 Rand. 468, Anno. 195. That statute was as of doubtful construction as the present statute of Virginia, 2 Va. Code, 1904, serial section 2716, which is practically the same as the corresponding sections of our Code. The point of the syllabus of that case, applicable here, is: "Under this act, a mortgagee may obtain possession of the mortgaged premises after forfeiture, by the mode of proceeding therein pointed out." In *Hawkins* v. *Wilson,* 1 W. Va. 124, Judge BERKSHIRE, President, in a concurring opinion, referring to this case, says: "As the question of title is not involved in this proceeding, but only the question of possession, and as according to the authority of *Allen* v. *Gibson,* 4 Rand. 468, a party who is entitled to the possession as against the defendant, no matter how, or in what manner or mode he may have acquired such right, or whether he has ever been in possession or not, is entitled to this remedy for the recovery of the possession; and as the statute gives this remedy in some cases where ejectment will not lie, to-wit, in the cases of forcible or unlawful entry, I had supposed that a fair construction of the first section of chapter 134 of the Code of

1860, as a remedial statute, would embrace the case of a vendee who, as in the present case, had expressly contracted with the vendor for the possession of the premises."

And coming down to the present, and as showing the construction in Virginia of the present statute we find the case of *Wilson* v. *Wall*, 99 Va. 353, holding that the court below rightfully dissolved an injunction enjoining the prosecution of a suit of unlawful detainer by a purchaser at a deed of trust sale against the grantor in the deed of trust, thereby in effect giving the contruction to the statute contended for here. See, also, our case of *Brumbaugh* v. *Sterringer*, 48 W. Va. 121, 125, and cases cited.

But it is insisted that the justice was ousted of jurisdiction by the affidavit of defendant, filed, claiming that the title to the property would come in question, the facts alleged therein not having been denied by counter affidavit of plaintiff, as provided by section 50, chapter 50, of the Code 1906; and that the duty of the justice was to dismiss the action; and that the filing of such counter affidavit on the trial in the intermediate court, on appeal, did not supply the omission, or give jurisdiction to the appellate court. This proposition is sustained by *Watson* v. *Watson*, 45 W. Va. 290, 296; *Richmond* v. *Henderson*, 48 W. Va. 389, and *Todd* v. *Gates*, 20 W. Va. 464, cited and relied on, provided the facts alleged in defendant's affidavit if proven were sufficient to show that the title would in fact be involved in the trial. *Brumbaugh* v. *Sterringer, supra*, 125. As in the cases just cited, the facts alleged, if true, and susceptible of proof, were not sufficient to show that the legal title would come in question before the justice. There was no denial of the facts recited in the summons, that defendant made the deed of trust under which the trustee sold, and the plaintiff purchased the property; nor was it denied that the trustee, by his deed to plaintiff, had passed the legal title to the property. The allegation that the deed of trust was not properly executed, because not properly read and explained to grantors, that their signatures were obtained by misrepresentation and fraud, rendering the trust fraudulent and void; that the precedent conditions to a valid sale had not been performed; that due and legal notice of said sale had not been given as required

by law and the terms of the trust; and that the description in the deed was so indefinite and uncertain as to pass no title, &c., we think amounted to nothing more, if anything, than an equitable right to go into a court of equity and by properly pleading the facts avoid the deeds—a mere equitable right, in no way affecting the legal title, nor the rights of the plaintiff in a court of law to maintain unlawful detainer. The facts alleged, if true, showing equitable right or title, were not such as to bring in question the title as contemplated by clause 11, section 50, chapter 50, Code. *Brumbaugh* v. *Sterringer, supra.* The record shows that defendant, by suit in equity and injunction sought to defeat plaintiff's action, but failed.

We see no error, of which defendant can complain in a court of law, and are of opinion to affirm the judgment.

*Affirmed.*