# WHEELING.

## HUGHES AND MURPHY *v.* MOUNT.

Submitted June 26, 1883—Decided December 8, 1883.

1. In a warrant of unlawful entry and detainer issued by a justice to recover the possession of land, if it appear to the justice by the answer of the defendant, or upon the trial of the defendant, or upon the trial of the warrant, that the *title* to the land in controversy will come or is properly in question between the parties, and the relation of landlord and tenant does not exist between them, the justice has no jurisdiction to try the merits of the cause and it is his duty to dismiss the warrant at the plaintiff's costs. (p. 134.)

2. If in such a case the justice has so dismissed such warrant, and an appeal be taken from his judgment to the circuit court, and the same state of facts appear to the satisfaction of such court either by the defendant's answer or upon the trial of such warrant upon such appeal, it is the duty of such court to dismiss the said warrant for want of such jurisdiction without prejudice to the plaintiff's right to institute any other action at law or suit in equity, which may be necessary or proper to determine his right to the land in the warrant mentioned. (p. 138.)

3. A case wherein it was held that the *title* to the land in controversy between the parties would properly come in question on the trial of a warrant of unlawful entry and detainer. (p. 138.)

WOODS, JUDGE, furnishes the following statement of the case:

This case is a warrant of unlawful entry and detainer, brought before a justice of Wood county on June 11, 1880, by Thomas Hughes and Thos. Murphy, plaintiffs in error, against Martha I. Mount, then and still the wife of B. F. Mount, residing with him, to recover from her, the possession of a tract of land containing two hundred acres, to which the plaintiffs claim title under a deed dated March 31, 1879, from Walter Sands, special commissioner in the chancery cause of John H. Davis, administrator of R. P. Davis, deceased, against B. F. Mount, Cyrus Hall and Elihu Davis, conveying to them as purchasers under the decrees in said cause "*all the right, title and interest of the said B. F. Mount*" in the said two hundred acres of land. What that interest of

B. F. Mount was, does not appear.   On May 10, 1879,
the plaintiffs leased the said land to said B. F. Mount until
March 1, 1880, who held over after the expiration of his
his lease, and the plaintiffs on March 11, 1880, brought their
warrant of *unlawful entry and detainer* against *him*, before a
justice, to recover from *him* the possession of said premises.
It does not directly appear whether there was a judgment in
favor of plaintiffs upon said warrant or not, but it does
appear, that on March 26, 1880, the justice issued in favor
of the plaintiffs a writ of possession against *B. F. Mount*,
directed to any constable of said county, to place the
plaintiffs in possession of said premises.   This writ went into
the hands of one Mchen, a constable of said county, on
*March* 26, 1880, *at* 7½ *o'clock p. m., and was executed on March*
29, 1880, *at* 5½ *o'clock p. m.*   (The premises were fourteen
miles distant from Parkersburg.)   On the next morning,
finding the dwelling house on said premises locked up, and
no person in the actual occupancy thereof, the defendant
Martha I. Mount broke open and took possession of the
house, and to oust her of her possession thereof, the plaintiffs
brought against her their warrant of unlawful entry and
detainer.

On the calling of the case (against) the defendant (Martha
I. Mount) appeared before the justice and filed her answer to
the plaintiffs' warrant duly verified, alleging that on the trial
of said warrant the title to said land would come in question;
setting out and asserting her title thereto, and showing how
the same would come in question, which affidavit was as
follows:

"STATE OF WEST VIRGINIA, WOOD COUNTY, ss.:

"*Thomas Hughes and Thomas Murphy* v. *Martha I. Mount.*"
Action of unlawful detainer before John W. Mitchell, Esq.,
justice of the peace, Parkersburg district, in said county.

"Answer of Martha I. Mount to complaint of the plaintiffs
in said action:

"The defendant Martha I. Mount denies that she unlaw-
fully withholds from the plaintiffs the real estate mentioned
in the summons in said action.   She admits that she is in
possession of one hundred and sixty-two acres of said land,

but denies that the plaintiffs are owners thereof, and says further that one hundred and sixty-two acres of the land belongs to her; that she has full legal title to the same; that she is in possession under and relying upon her title; that she has legal title and an estate in fee simple in said one hundred and sixty-two acres of land; that her title is paramount and superior to any claim of title set up by plaintiffs; that plaintiffs got nothing under their purchase from Walter S. Sands, commissioner, mentioned in said summons, as to the one hundred and sixty-two acres; that defendant's title is superior to and exclusive of the title derived through said commissioner; that the defendant never was and is not now a tenant of the plaintiffs; that the defendant and those under whom she claims have been in possession of said property for over ten years; that the defendant's right to retain possession of the land has not expired; that the defendant owns the same in fee simple. And the defendant says further that the title to the said real property will come in question in said action, and she now sets forth the following facts showing that such title will come in question on the trial thereof on May 3d, 1879:

"Benjamin Mount and wife made to said Martha I. Mount a deed, and J. T. Mount and wife made, on May 14th, 1878, a certain other deed unto said Martha I. Mount, and the said two deeds taken together embrace, cover and include the land in the summons mentioned, and that the land embraced in said deeds is directly derived from John Hustead and one Wilbur by deed executed about the year 1865 to Ezekiel Mount, and by said Ezekiel Mount to said Benjamin Mount and J. T. Mount, respectively; that the defendant's said superior title includes and covers all the land in said summons mentioned except thirty-eight acres, to which defendant makes no claim, of which she is not in possession and as to which she disclaims all right, title and interest, the said thirty-eight acres being property belonging, as she is informed, to one Michael Rose.

"The defendant says further that at the time of the commencement of said action she was and now is the wife of B. F. Mount, and that she is living with him, and at the time of said commencement was living with him on said one hun-

dred and sixty-two acres of land, and that the said one hundred and sixty-two acres belonged to said Martha I. Mount in her own right as her sole and separate property and estate.

"MARTHA I. MOUNT."

In reply to this the plaintiffs filed the following affidavit of the plaintiff, Hughes, in these words:

"Thomas Hughes, one of the plaintiffs, being duly sworn, says that the facts as stated in the affidavit of Martha I. Mount, defendant to this suit, are not true as he is informed and believes; and therefore denies the same, each and every one of the allegations therein made.

"Affiant further says that the title to said real estate cannot and will not come in question on the trial of this cause.

"THOMAS HUGHES.

"Subscribed and sworn to before me this 26th day of June, 1880.

."J. W. MITCHELL, *J. P.*"

The case was tried by the justice, on the 26th of June, and on the 28th of June, 1880, he rendered judgment dismissing said warrant, at the plaintiffs' costs. From this judgment the plaintiffs obtained an appeal to the county court of said county, which on the 21st of December, 1881, was tried before a jury in the circuit court of said county, which under the instructions of the court, returned in favor of the defendant a verdict of "not guilty." The plaintiffs thereupon moved the court to set aside the verdict and grant them a new trial, which motion the court overruled, and the plaintiffs excepted because of the instructions given to the jury, and because the court overruled their said motion for a new trial, and the court certified the substance of the facts proved upon the trial, and rendered judgment upon the verdict of dismissing the plaintiffs, the jury affirming the judgment of the justice and dismissed the plaintiffs' appeal with costs to the defendant in that court and before the justice.

From this judgment of the circuit court a writ of error was allowed by this Court.

*Walter S. Sands* for plaintiffs in error.

*Van Winkle & Ambler* for defendant in error: ⸏

1. The plaintiffs having at no time had lawful possession as against *Mrs.* Mount, could not maintain an action of *unlawful detainer* against her before a justice. *Kincheloe* v. *Tracewell,* 11 Gratt. 587; *Olinger* v. *Shepard,* 12 Gratt. 476; *Corbitt* v. *Nutt,* 18 Gratt. 648; *Power* v. *Tazwells,* 25 Gratt. 548; *Tavener* v. *Einerick,* 9 Gratt. 220.

2. The jurisdiction of the circuit court, on the appeal, was denied through that of the justice. The justice had no jurisdiction under our Code, because:

(*a*). Mrs. Mount had held possession for more than two years, before action brought.

(*b*). The title to real property was in question. 2 Kelley's Stat. ch. 110 sec. 60.

3. Our statute relating to married women, does not abrogate the common law doctrine of marital union. The wife is not *sui juris.* Unless Mrs. Mount held under title, she could not be sued in this action, while living with her husband, on the premises withheld. *Radford* v. *Carwile,* 13 W. Va. 562.

4. There was no question of fact to try whether or not, the plaintiffs made out any case at all, conceding every fact claimed, is a question of law, and it makes no difference whether that question is determined by a demurrer to evidence, a motion to exclude or a request for peremptory instruction. *Oscanyan* v. *Arms Co.,* 103 U. S. 260; *Angier* v. *Eaton,* (Pa.) 14 Cent. Law J. 99.

Woods, Judge:

The plaintiffs in error in their petition allege, and in argument insist on various grounds of error, but from the view we take of the case, it will be necessary to consider only one of them.

Was this a case, in which the *title to the land,* in the warrant mentioned, would properly come in question on the trial thereof? If it was, and if the relation of landlord and tenant did not exist between the plaintiffs and defendant, the justice had no jurisdiction to try the case. Upon this question he has no discretion, the statute is *imperative,* it is his duty to dismiss it. If the defendant would raise this question before

the justice he must set forth in his answer to the action, in writing, the facts showing that such title will come in question on the trial, and verify the same by his own affidavit or that of his agent or attorney, and in such answer he may also state any other proper manner of defence.    When the defendant has done this if the plaintiff would prevent the dismission of his action he, or his agent, or attorney, must file an affidavit denying the truth of the facts alleged in the affidavit filed by the defendant.    But if the plaintiff has filed such counter-affidavit, and it appears on the trial of the cause that the *title* to the land is properly in question between the parties, and that the relation of landlord and tenant does not exist between them, then it becomes the duty of the justice to dismiss such action.

But where no such answer of title is filed, the justice has jurisdiction of the cause, and the defendant in his defence will not be permitted to dispute the title of the plaintiff to the premises in question.   Code, ch. 50 § 50 p. 12;  Acts 1872–3, ch. 226 § 34;  Acts 1881, ch. 8 § 50 p. 12.   Before the act of Legislature passed February 27, 1864, Acts 1864 chapter 23, no authority existed to institute or prosecute before a single justice a warrant of unlawful entry and detainer. By the provisions of that act this jurisdiction was conferred on a single justice, and all the difficult, and intricate questions which may arise in any action of ejectment, or writ of right, might be raised before him on the trial, and in the first instance had to be decided by him.    The unlimited right in any case to appeal to the circuit court, where a new trial was had, afforded a tedious and expensive remedy to the parties.    By sections 211 and 212 chapter 50 of the Code—this jurisdiction is continued to a single justice, with the same right of appeal—but guarded from abuse by the twelfth subdivision of section 50 of chapter 50 of the Code, which has been continued in force by the Acts 1872–3 chapter 226 section 34, and by the Acts 1881 chapter 8 section 50 sub-division 12.    The practical effect of these enactments is to place it within the power of a defendant to confine the jurisdiction of a single justice to cases of unlawful entry and detainer, where the defendant is not permitted to dispute the plaintiff's title; or where no claim of title on the part of the defendant

can properly arise in the trial of the cause. For if by his answer, the defendant shows, or if on the trial it appears, that the title to the land will properly come in question between the parties, the justice cannot proceed with the cause, but must dismiss it, and where such answer of title is not made, the defendant is not permitted to dispute the plaintiffs' title. It is not pretended in this case that the relation of landlord and tenant ever existed between the plaintiffs and defendant. It is contended by the plaintiffs in error, that they were lawfully in possession of the premises in controversy, and being so lawfully in possession, they were forcibly and unlawfully dispossessed thereof by the defendant, and that this is their sole cause of action; and that even if they had no title, and if the defendant had perfect title to said premises, still they are entitled to recover possession of said premises because of her said forcible and unlawful entry. This proposition is more specious than sound, for if the premises assumed be unfounded, the conclusion will be fallacious. It assumes that the possession of the premises in question, *was not in the defendant,* at the time said writ of possession was executed, but that it was in the said B. F. Mount, and that by executing said writ of possession against *him,* that the possession of the defendant to said premises, if any such she had, was thereby divested, and transferred to the said plaintiffs, and that the said defendant in contemplation of law, was by the act of the officer executing said writ turned out of the possession of said premises, and deprived of her right to possess and enjoy her own property. Whether she had a separate estate in fee simple in said land, and therefore the sole right to the control and possession of said land, were questions proper to be considered in determining whether the said writ of possession and all proceedings under it, were not, *as to her,* mere *nullities,* and whether the pretended act of dispossessing her said husband, B. F. Mount, was not, *as to her,* such an act of lawlessness, as could in no event, deprive her of the right to re-claim her own property whenever she was able to do so without a breach of the public peace. The only title which the plaintiffs appear to have had to the said land was the deed of the said Walter Sands conveying to them all the *right, title* and *interest* of said B. F. Mount therein.

If, as the defendant claims in her answer, it be true that the land belonged to her in fee simple as her separate estate, then said B. F. Mount had no interest therein, and the plaintiffs by said deed from said Commissioner Sands acquired no title thereto. If said land at the time said sale under said decree to said plaintiffs so belonged to the said defendant, the said B. F. Mount could neither sell or lease the same, or do any other act to deprive her of the possession and enjoyment of said land without her consent. If under such circumstances, her said husband undertook to lease her said land from a stranger, he could acquire no possession by his lease, nor could he at the expiration of his lease, surrender to his pretended landlord a possession which he has never acquired, nor could the landlord recover from him a possession which he never had, and which he never transferred to his tenant. Whether such a state of facts exists or not, are questions of title to be determined at the trial. It is true that if a husband should undertake to lease his wife's lands from a stranger, that he could not *resist* his said landlord's action, but it will scarcely be contended, that the judgment *recovered against him*, could be satisfied out of his wife's lands, or that it could confer upon him any right to the possession thereof.

While it is true that the tenant can not dispute his landlord's title to the leased premises under which he entered, the converse of the proposition is equally true, that the landlord can only recover from his tenant the property demised to him. In the case under consideration it appears from the record, that the defendant was not a party to the said chancery suit, under the authority of which the said commissioner Sands sold and conveyed to the plaintiffs said two hundred acres of land; nor was she a party to the said lease made by said plaintiffs to said B. F. Mount; nor to the said warrant of unlawful entry and detainer brought by said plaintiffs against Mount, under which said writ of possession was issued and executed; nor was she holding said land in privity with her husband and therefore she is not in any manner bound by any of them or by their proceedings under them.

By her answer, she denies that the plaintiff has any title to said land; she claims, that she is the owner in fee simple

of one hundred and sixty-two acres out of the two hundred acres in the warrant mentioned, and disclaims all title to the residue thereof, that the same is her sole and separate property, and shows whence her title was derived, tracing it back through successive alienations to 1865, and that she and those under whom she claims have been in possession of said property for ten years. If the premises were in fact the separate estate of the defendant in fee simple; if she was no party to said chancerty suit, nor to the said warrant of unlawful entry and detainer, against her husband, and said writ of possession was against the husband alone, and the defendant was by the officer executing said writ against her husband, turned out of her house into the road, she was not thereby in contemplation of law out of possession of her land, nor were the plaintiffs thereby in possession thereof as against her, for if she had perfect title to the land, such title drew with it the constructive possession thereof. This record shows that all these facts appeared on the trial of the plaintiffs' appeal, in the circuit court, and in our opinion they are sufficient to show, that the *title*, to *at least one hundred and sixty-two* acres of the land in the said warrant mentioned, would properly have come in question between the said parties on the trial of the warrant of unlawful entry and detainer. When these facts so appeared it was evident to the circuit court that the justice had no jurisdiction to proceed further with the trial, and it did right in dismissing the cause and any other proceedings had therein; and it was the duty of the circuit court sitting only in the character of an appellate court for the purpose of trying said appeal to dismiss the warrant at the plaintiffs' costs. We are therefore of opinion that there was no error in the judgment of the circuit court in dismissing said cause at the plaintiffs' costs. And it appearing to this Court, that for the reasons hereinbefore stated, the justice did not have jurisdiction to try the said warrant and that the same ought to have been dismissed, it is considered that the judgment of the circuit court dismissing the said warrant be affirmed, *without* prejudice to the right of the plaintiffs to institute and prosecute against the said defendant any actions at law or suit in equity which they may be advised is neces-

sary to determine their rights to said land. And it is further considered that the appellee recover against the appellants her costs in this Court expended, and thirty dollars damages.

Affirmed.

# WHEELING.

