# CHARLESTON.

GEO. W. BROTHERTON v. GEORGE ROBINSON *et al.*

Submitted March 9 ,1920.   Decided March 16, 1920.

1.  APPEAL AND ERROR—*Justice of the Peace—Jurisdiction of Appellate Court is Dependent Upon Jurisdiction Below.*

    If a justice or other inferior court or tribunal has no jurisdiction to hear and determine a cause, an appeal from a judgment rendered therein does not confer upon a court of superior rank a jurisdiction not possessed by the former, though it may have had authority in the first instance to adjudicate the matter in controversy in its entirety.   (p. 756).

2.  JUSTICES OF THE PEACE—*No Jurisdiction Where Title to Realty Involved.*

    If, in an action of unlawful entry and detainer instituted before a justice of the peace to recover possession of a house

and lot, defendant files an affidavit stating that the title to real estate will come in question, and plaintiff files a counter affidavit denying such fact, and upon the trial of the case it appears that the title to real property is properly in question between the parties, and that the relation of landlord and tenant does not exist between them, the justice has no jurisdiction to try the merits of the case, and should dismiss the action at the cost of the plaintiff.  (p. 757).

3.   SAME—*Issue as to Curtesy in Real Estate Involves "Title to Real Property".*

Where the plaintiff in such an action is attempting to assert a right by the curtesy to the real estate of his deceased wife, and defendant by affidavit and evidence contests his right thereto on the ground of prolonged desertion and abandonment of his wife during her life, without just cause, the title to real estate is called in question within the meaning of paragraph 12, section 50, chapter 50 of the Code.  (p. 757).

4.   SAME—*When Relation to "Landlord and Tenant" Involved Stated.*

The relation of landlord and tenant does not exist between the parties within the meaning of the statute, where the existence of such relation is dependent upon the decision relating to the curtesy right asserted by the plaintiff, who is not in possession but sues to obtain possession of the property.  (p. 757).

Error to Circuit Court, Kanawha County.

Action by George W. Brotherton against George Robinson and others.   Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Stewart & Ryan,* for plaintiff in error.
*D. W. Taylor, for* defendants in error.

LYNCH, JUDGE:

The wife of the plaintiff died intestate the owner of the fee simple title to a house and lot located on Maryland Avenue in the City of Charleston, January 13, 1919. Her husband and seven children survived her.   The defendant was decedent's tenant of the house and lot, and the rental therefor he paid to her until she died, and thereafter to W. T. Brotherton, her son, for himself, brothers and sisters.   Plaintiff later demanded payment of the rental to him as tenant by the curtesy, or possession of the property in lieu of such payment if refused.   Defendant

having failed to comply with either alternative, plaintiff brought before a justice of the peace this action of unlawful entry and detainer to recover the possession so wrongfully withheld, as the right of a husband to possess and enjoy during life the real estate of his deceased wife or its usufruct is guaranteed to him ordinarily by section 15, ch. 65, Code, subject, however, to the qualification prescribed by section 16 of the same chapter. This qualification defendant, encouraged if not inspired by decedent's lawful heirs, invoked before the justice to defeat recovery in the action.    To be more specific, defendant tendered and was permitted to file the affidavit authorized by paragraph 12, section 50, ch. 50, Code, stating that the title to the property will come into question during the trial of the action; the purpose being to raise the issue whether or not plaintiff had lost his curtesy right by desertion or abandonment of his wife without cause within the meaning of section 16, ch. 65, above referred to. This defendant did to take advantage of that provision of chapter 50 contained in paragraph 12, section 50, withholding from a justice jurisdiction of actions where the title to real estate is involved.    Plaintiff tendered and the justice likewise permitted him to file a counter affidavit denying the involution of the title.    The justice heard the evidence of the parties, as authorized by the statute in such cases and subject to its conditions, and, being of the opinion that the question did not arise, entered judgment for plaintiff.    Upon appeal to the Intermediate Court of Kanawha County the judge of that court, during the progress of the trial before a jury, being of a contrary opinion respecting the title, directed a verdict for defendant and entered judgment upon it in his favor.    Plaintiff's petition for an appeal from this judgment addressed to the circuit court of the county being refused, was allowed by a judge of this court in vacation.

If, because of a dispute as to title, a justice is without jurisdiction to hear and determine an action to recover possession of real estate unlawfully withheld and detained from the true owner, the same jurisdictional want of power inheres in the case throughout all its successive stages upon appeal, according to our interpretation of the provisions of chapter 50 of the Code, the justice of the peace act.    In other words, if an inferior court or tribunal has no jurisdiction to hear and determine a

cause submitted to it, an appeal from a judgment therein does not confer upon a court of superior rank a jurisdiction not possessed by the former, though it may have been entitled in the first instance to adjudicate the matter in controversy in its entirety. 3 C. J. 366; *Hughes* v. *Mount,* 23 W. Va. 130; *Watson* v. *Watson,* 45 W. Va. 290; *Richmond* v. *Henderson,* 48 W. Va. 389; *Hamilton* v. *Canfield,* 70 W. Va. 629; *State* v. *Studebaker,* 80 W. Va. 673. Therefore, if to determine the right of the plaintiff to have possession of the property, the rents, issues and profits chargeable to its use and occupancy by another necessarily requires a judicial investigation of an actual controversy respecting the title underlying such claim of right, neither the justice nor any tribunal of a superior rank sitting as an appellate court can entertain the action.

A husband is tenant by the curtesy in the real estate of which his wife died seized, whether they had issue born alive or not. Section 15, ch. 65, Code. Unqualified by any other act, this provision obviously without question would entitle the husband to the immediate use and enjoyment of the property of his wife after her death, to continue during his life. But this provision is qualified by the express provisions of section 16 of the same chapter, which reads: "And if a husband of his own free will shall leave his wife, except for cause such as would entitle him to a divorce, he shall be barred of his curtesy in his wife's estate, unless she afterwards become reconciled to and live with him as his wife." Whether reliance upon this qualification to defeat recovery in this action does or does not raise such an issue as to the right and underlying title asserted by plaintiff as, when so presented, deprives a justice of a jurisdiction which he otherwise might have had, is the determining factor in this case.

If the evidence should show, as it tended to do, that plaintiff had of his own free will deserted his wife during her life without such cause as would entitle him to a divorce, and there was no subsequent reconciliation, then under section 16 he would be barred of his curtesy title in her estate, and the heirs at law would have present title thereto without awaiting the termination of his curtesy right. *Shumate* v. *Shumate,* 78 W. Va. 576. See also *Stock* v. *Mitchell,* 252 Ill. 530. But if the evidence should show the facts to be otherwise, plaintiff's curtesy right

and title would be complete. Clearly, thefore, without express-
ing any opinion upon the weight of the testimony, the title to
the real estate in dispute is drawn in question within the meaning
of paragraph 12, section 50, ch. 50. Code, and as a result the
justice was without jurisdiction to proceed with the cause. The
case of *Hughes* v. *Mount,* 23 W. Va. 130, is very similar to
this. There, as here, defendant had filed an affidavit stating that
the title to real estate would be drawn in question, and plaintiff
had filed a counter affidavit denying such statement; but in that
case the justice, after hearing the evidence, properly dismissed
the action, which ruling this court sustained, while here he
entered judgment for plaintiff. See also *Watson* v. *Watson,* 45
W. Va. 290.

Nor can plaintiff escape the provisions of paragraph 12 by in-
voking in his favor the apparent exception made in the statute
in cases where the relation of landlord and tenant exists between
the parties. The question whether plaintiff or the lawful heirs
of his deceased wife stand in the relation of landlord to defend-
ant is one whose determination depends upon the fundamental
issue respecting plaintiff's right to an estate by the curtesy.
If the conduct of the plaintiff has been such as to entitle him to
his curtesy, he assumes the position of landlord, but not other-
wise. Hence the question of landlord and tenant cannot be
decided till the issue relating to curtesy is settled, and it is the
latter which the justice has no jurisdiction to determine, for it
involves the question of title. Any other construction of the
statute would place an undue burden upon defendant, for if it
is assumed, for the purpose of sustaining the jurisdiction of the
justice, that plaintiff and defendant stand in the relation of
landlord and tenant, a favorable or an adverse decision respecting
the curtesy right will continue plaintiff or substitute the heirs
of decedent as landlords from the date of the death of their
mother, with the possibility of resultant loss of rentals, whether
paid to plaintiff or to decedent's heirs. It is only in a court
of general jurisdiction where the remedy by interpleader is avail-
able that full justice can be done to all the parties without in-
jury or prejudice to the rights of any of them. To avoid the
consequences that might arise, and have arisen in this case,

doubtless was the primal purpose and intention of the wise provisions of these enactments.

From what has been said it is apparent that the justice had no jurisdiction to proceed with the action, nor did the intermediate court upon appeal have any broader right. Wherefore, that court having in our opinion rightly dismissed the action, we affirm the judgment of the circuit court refusing an appeal therefrom.

*Affirmed.*