# CHARLESTON.

J. B. REYNOLDS *v.* BOARD OF EDUCATION OF MALDEN DISTRICT.

Submitted March 27, 1923. Decided April 10, 1923.

1. JUSTICE OF THE PEACE—*Where Title to Land Involved, Justice Court Should Dismiss Action.*

   If on the trial of an action of unlawful detainer, begun before a justice, his jurisdiction be questioned in the answer of

defendant, on the ground that the title to the land sued for will come in question, and it be then or during the trial made to appear that the title is involved, the justice should dismiss the action.   (p. 542).

2.   SAME—*Where Title to Land Involved, Superior Court Should Dismiss Appeal for Want of Jurisdiction.*

 And if on the trial in a superior court on appeal it be also made to appear that the title is involved, and the relation of landlord and tenant does not exist between the parties, such superior court should likewise dismiss the case for want of jurisdiction.   (p. 542).

3.   SAME—*Where Evidence Shows Lands Granted for Specific use Abandoned Question of Title Involved, Denying Jurisdiction to Justice Court or Superior Court on Appeal.*

And if on the trial it be shown by the defendant in support of his plea and defense that the only deed on which plaintiff predicates his title and right to possession grants to the "parties of the second part for the use and benefit of the congregation of said church so long as the same shall be thus used by said congregation," and it has been shown that the property had been abandoned and gone into decay, and that it was no longer used as stipulated in the deed, a question of title is thereby involved ousting the jurisdiction of the justice and of such superior court on appeal.   (p. 542).

Error to Circuit Court, Kanawha County.

Action by J. B. Reynolds against the Board of Education of Malden District.   From an order of the circuit court, refusing to entertain an appeal from the judgment for plaintiff in the justice court, defendant brings error.

*Reversed, and action dismissed.*

*P. H. Murphy,* for plaintiff in error.
*Morgan Owen,* for defendant in error.

MILLER, PRESIDENT:

In an action of unlawful detainer, begun before a justice and tried upon appeal by defendant in the intermediate court, the judgment, which the circuit court refused to entertain on appeal there, was brought here for review.

Before the justice and on the trial in the intermediate

court defendant, by answer duly sworn to and setting out the facts relied on, alleged that the title to the property sued for would come in question. There was an affidavit of the plaintiff filed denying the facts alleged in defendant's answer and alleging that the title would not come in question.

The record shows that the defendant was and had been in possession for some time, of the property sued for, which consisted of a lot in the town of Malden and an old church located thereon, which had been repaired and converted by defendant into a temporary school house for use as a junior high school for Malden District; that pending suit defendant had obtained two deeds from the grantors, or their heirs, who had many years before conveyed the lot to trustees for the use of a church congregation; that the property for about five years had been totally abandoned as a place of worship; and that there no longer existed at that point any church or church society.

There was no attempt by plaintiff to show that defendant was or ever had been a tenant of the plaintiff or of any church or church trustees, or that he or his predecessors had ever been forcibly turned out. Plaintiff proved no title but rested solely on the theory, not supported by any title papers, that he had the right and title to the property. But during the progress of the trial defendant, in support of its defense and plea to the jurisdiction, introduced and offered to prove that the original deed under which plaintiff and the church trustees claimed, and to which plaintiff's immediate deed referred, was dated May 30, 1877, and was in fact a conveyance of said lot to the grantees, the "parties of the second part for the use and benefit of the congregation of said church so long as the same shall be thus used by said congregation."

On the presentation of this deed we think it was shown that the title would come in question, and that the provisions of the deed presented a very serious question whether the old church or its trustees or any one basing right or claim of title to the property on that deed had any title thereto. Certainly the character of this deed called for construction of the instrument, to be determined by the court in connection with the facts on which the rights of the parties depended.

The statute, section 50, chapter 50 of the Code, provides,

that if the jurisdiction of the justice be so challenged, and if not denied, or it afterwards appear that the title will come in question, and as in this case, that the relationship of landlord and tenant does not exist between the parties, the justice shall dismiss the action.

And if the justice have no jurisdiction, neither can a superior court take jurisdiction of the cause, even though in the first instance it would have had jurisdiction therein. *Brotherton* v. *Robinson,* 85 W. Va. 753, and former decisions cited.

Our opinion is to reverse the judgment, set aside the finding of the Intermediate Court sitting in lieu of a jury and to dismiss the plaintiff's action.

*Reversed, and action dismissed.*