695 S.E.2d 918

**FIRST AMERICAN TITLE INSURANCE COMPANY, Plaintiff Below, Appellee**

v.

**Thomas FIRRIOLO, Evan LeFever and Beth LeFever, and Anne P. Chiapella, Defendants Below**

**Evan and Beth LeFever, Appellants**

and

**Thomas Firriolo, Plaintiff Below, Appellee**

v.

**Evan LeFever and Beth LeFever, Defendants Below, Appellants**

and

**Anne Chiapella and John Frye, Intervenors Below, Appellees.**

**Nos. 34705, 34714.**

Supreme Court of Appeals of West Virginia.

Submitted April 13, 2010.

Decided June 18, 2010.

William B. Carey, Esq., Berkeley Springs, WV, for Appellants Evan and Beth LeFever.

Braun A. Hamstead, Esq., Hamstead & Associates, Martinsburg, WV, for Appellees Anne Chiapella and John Frye.

Ryan J. King, Esq., Blumling & Gusky, Pittsburgh, PA, for Appellee First American Title Insurance Company.

PER CURIAM:

This is an appeal of two consolidated cases. In case number 34705, First American Title Insurance Company ("First American"), appellee, brought a declaratory judgment action in which it sought a declaration that a 14.33 acre tract of land owned by Anne Chiapella is not encumbered by an easement. By order dated April 30, 2008, the Circuit Court of Morgan County granted summary judgment on behalf of First American. The appellants, Evan and Beth LeFever, who purport to have an easement across the 14.33 acres for the benefit of an adjoining 4.22 acre parcel, appeal this order.

In case number 34714, Thomas Firriolo moved to have a settlement agreement with the appellants, Evan and Beth LeFever, reformed on the basis of the parties' mistaken belief that the LeFevers had an express easement across the 14.33 acre tract once owned by Mr. Firriolo and now owned by Ms. Chiapella. By order dated November 26, 2007, the Circuit Court of Morgan County reformed the settlement agreement on the basis of mutual mistake of fact after finding that the LeFevers do not have an express easement across the 14.33 acre parcel. The LeFevers now challenge the manner in which the circuit court reformed the settlement agreement. After careful examination of the record and the parties' arguments, this Court reverses the orders appealed by the LeFevers, and we remand these cases to the circuit court for proceedings as directed by this Court in this opinion.

## I.

### FACTS

The pertinent facts of this case began in 1988 when a parcel of land was divided for sale. The appellants herein, the LeFevers, purchased a 4.22 acre tract of land which was landlocked.[1] For purposes of ingress and egress to a public road, the LeFevers were granted an express easement across an abutting 14.33 acre-tract of land that was purchased by Fred Orr. The easement was 20 feet wide and described with particularity in the deed to Mr. Orr's property.

A few years later, at the request of Mr. Orr, the LeFevers agreed to relocate the easement. Pursuant to the relocation agreement Mr. Orr hired a surveyor to lay out the new easement and a lawyer to draft two deeds, one to extinguish the original easement and one to create a new easement at the location agreed upon by the parties. The deed extinguishing the original easement was a quit-claim deed acknowledged and recorded on February 6, 1990, wherein the LeFevers released all of their right, title, and interest in and to the original easement to Mr. Orr. A second deed to the LeFevers creating a new easement at a different location was never recorded. Because the deed creating the new easement was not recorded, the record title showed that there was no easement to the 4.22 acres, thus land locking the parcel. Mr. Orr and Mr. LeFever both thought there was an easement across the 14.33 acres. The fact that there was no deed for the new easement was not discovered until several years later when litigation was instituted concerning the location of the LeFevers' easement across the 14.33 acre tract.

By deed dated and recorded on February 6, 1990, Fred Orr conveyed all of his right, title, and interest to the 14.33 acre tract to Robert L. and Hermina P. Dunker. The deed conveyed from Mr. Orr to the Dunkers continued to reserve the original easement released by the LeFevers in the February 6, 1990, quit-claim deed.

---

1. Evan LeFever was unmarried at the time he received the 4.22 acres. He married Beth LeFever several years later and she subsequently became a party to the proceedings below. For convenience, we will refer to Evan LeFever jointly as the LeFevers.

In March of 2000, the Dunkers conveyed all right, title, and interest in the 14.33 acres to appellee herein, Thomas Firriolo. The deed conveyed by the Dunkers to Mr. Firriolo continued to reserve the original easement previously released by the LeFevers and provided that the conveyance was made expressly subject to a 20 foot wide right-of-way for ingress and egress to the 4.22 acre tract owned by the LeFevers and contained the description of the original easement.

Mr. Firriolo subsequently sued the LeFevers in the Circuit Court of Morgan County to enforce an alleged new agreement between Mr. Firriolo and the LeFevers regarding the relocation of the LeFever's original easement, reserved in Mr. Firriolo's deed, across the 14.33 acre parcel.[2] This suit was dismissed by the circuit court after the LeFevers and Mr. Firriolo reached a settlement agreement. This agreement was set forth in the circuit court's dismissal order of December 16, 2003. The terms of the agreement were as follows:

1. That this matter shall be dismissed.

2. That the Plaintiff, Thomas Firriolo, shall this day pay unto the Defendants the sum of $9,500.00 to purchase the 4.22 acres owned by the Defendants, Evan and Beth LeFever which adjoin the property of the Plaintiff situate in Timber Ridge District, Morgan County, West Virginia. The parties acknowledge that such payment has been made this day.

3. The Defendants, Evan and Beth LeFever, shall this day execute a general warranty deed for the 4.22 acres subject of this agreement, conveying same to the Plaintiff, Thomas Firriolo. The parties to this agreement acknowledge that has been done this day.

4. The parties further agree that the Plaintiff, Thomas Firriolo shall have a period of up to two (2) years to sell the subject 4.22 acres by private sale, with or without a realtor. If Mr. Firriolo has not found a purchaser within such two (2) year period, (i.e. by September 15, 2005), then the LeFevers may re-purchase the subject property for $9,500.00.

5. Upon obtaining a contract for the purchase of the 4.22 acres, the Plaintiff, Thomas Firriolo, shall immediately communicate such contract to the Defendants, Evan and Beth LeFever, by United States, Certified Mail, and the Defendants shall have thirty (30) days from the receipt of such communication of the terms of the contract to approve or disapprove of the sale, in writing. Should the Defendants, Evan and Beth LeFever fail to respond to such notice within thirty (30) days of their receipt of such notice then it shall be deemed that they approve of the terms of the proposed contract.

6. Should the Defendants, Evan and Beth LeFever, approve of such sale, the matter shall proceed to closing. Following the closing of such transaction, the parties shall split equally the cost of any real estate sales commission. Thereafter, the Defendants shall be entitled to any net proceeds from the sale that exceed $9,500.00.

7. Should the Defendants, Evan and Beth LeFever disapprove of such sale, the Plaintiff, Thomas Firriolo, may at his option (a) require the Defendants, Evan and Beth LeFever, to purchase back the 4.22 acres for the sum of $9,500.00 or (b) proceed to obtaining another buyer, as long as such is done within the contemplated two (2) year period of this settlement agreement.

8. The parties agree that both parties may seek redress and pursue enforcement of this agreement before the Circuit Court of Morgan County, West Virginia, should the terms of this agreement not be followed.

Pursuant to the agreement, by deed dated September 11, 2003, the LeFevers conveyed all right, title, and interest in and to the 4.22 acres to Mr. Firriolo by fee simple general warranty deed with no reservation or exceptions. Mr. Firriolo now owned record title to both the 14.33 acre tract and the 4.22 acre

**2.** This is case number 01–C–8 in the circuit court which is appeal number 34714 before this Court.

tract which was subject to the parties' unrecorded settlement agreement.

On October 21, 2003, Mr. Firriolo executed and delivered a deed in fee simple conveying all right, title, and interest in and to the 14.33 acre parcel to Anne Chiapella. This deed continued to reserve and was expressly made subject to the original 20–foot–wide easement serving the 4.22 acre tract conveyed to the LeFevers in the October 31, 1988, deed. In connection with the purchase of the 14.33 acre parcel, Ms. Chiapella purchased a title insurance policy from First American Title Insurance of America. The title policy specifically excepted the original 20–foot–wide easement from coverage.

During Ms. Chiapella's negotiation to purchase the 14.33 acre tract, John Frye, appellee herein and a companion of Ms. Chiapella's, attempted to purchase the 4.22 acre tract from Mr. Firriolo. Mr. Firriolo drafted a contract for sale of the 4.22 acre tract to Mr. Frye which indicated that the sale was contingent upon "Seller being able to obtain a release of that certain right of first refusal granted unto Evan LeFever and Beth LeFever concerning the subject property." Ms. Chiapella purchased the 14.33 acres with the expectation that she would also eventually own the 4.22 acre parcel. However, the sale of the 4.22 acre tract to Mr. Frye was not completed because the LeFevers did not approve of the sale.

In October 2005, the LeFevers filed a motion pursuant to Rule 70 of the West Virginia Rules of Civil Procedure in the suit between Mr. Firriolo and the LeFevers containing the settlement agreement. They requested that the circuit court appoint a commissioner as a substitute for Mr. Firriolo to reconvey to them the deed to the 4.22 acres. The reason for the LeFevers' motion was Mr. Firriolo's refusal to reconvey the 4.22 acre parcel upon the expiration of the settlement agreement.[3]

Shortly thereafter, it was discovered that the 1990 quit claim deed was recorded in which the LeFevers released the express easement across the 14.33 acre parcel for the benefit of the 4.22 acre parcel, but that a second deed creating a new easement in a different location on the 14.33 acre parcel was never recorded. There is no evidence as to whether this deed was executed or lost. It is undisputed that a second deed with a new easement was to have been executed and recorded. Thereafter, First American filed an action for declaratory judgment on November 7, 2005, in which it sought a declaration that there were no valid easements encumbering the 14.33 acre parcel now owned by Ms. Chiapella.[4]

As a result of the discovery that no deed was recorded granting the LeFevers a new express easement in 1990, Mr. Firriolo filed a motion in the circuit court to reform his September 11, 2003, settlement agreement with the LeFevers. The basis for this motion was a mistake of fact and alleged fraud on the part of the LeFevers.[5] According to Mr. Firriolo, the LeFevers falsely represented to him that an easement existed

---

**3.** According to Rule 70 of the Rules of Civil Procedure:

    If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court as a special commissioner and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the clerk shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within the State, the court in lieu of directing a conveyance thereof may

enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law.

**4.** This is case number 05–C–94 in the circuit court and appeal number 34705 in this Court.

**5.** Under our law,

    Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake.

Syllabus Point 2, *McGinnis v. Cayton,* 173 W.Va. 102, 312 S.E.2d 765 (1984).

over the 14.33 acre tract when the LeFevers knew that they had released the easement.

By order dated November 26, 2007, the circuit court ruled on Mr. Firriolo's motion to have the settlement agreement reformed. The court found as follows in pertinent part:

1.   The lawsuit was predicated on a mutual mistake of fact in that both parties acted under the belief that an express right of way over the 14.33 acre tract existed as to the 4.22 Acre Parcel of real estate.

2.   Mr. LeFever was not the title owner of the 4.22 acre tract at the time Mr. Firriolo and Mr. LeFever were discussing the right of way through Mr. Firriolo's barn, although he believed that he was at the time and therefore, the Court finds that fraud was not committed on Mr. LeFever's part in that regard.

3.   The contract between Mr. Firriolo and Mr. LeFever[ ] should be reformed in order to properly exercise the equitable authority of the Court in this matter.

4.   Based on the evidence presented at this juncture, the Court finds that no fraud or inequitable conduct occurred between the Plaintiff and Defendants Evan and Beth LeFever as far as the original transaction is concerned.

5.   Legal title to the 4.22 acre tract is vested in Thomas Firriolo who shall, convey the parcel to John Frye[6] upon the tender from Dr. Frye of the sum of $26,000, in cash or its equivalent within thirty (30) days of this date.  Should Dr. Frye purchase the 4.22 acre tract from Mr. Firriolo, the first $9,500 of the purchase price shall go to Mr. Firriolo and the balance to the LeFevers.  (Footnote added).

Subsequently, by order dated April 30, 2008, the circuit court granted summary judgment on behalf of First American in its declaratory judgment action.  The court made the following conclusions of law in relevant part:

20.   The February 6, 1990 Quit Claim Deed from Evan LeFever to Fred Orr extinguished the Original Easement.

21.   Because no subsequent easement was recorded and there has been no judicial determination that a subsequent easement by necessity or any other easement was created, there was no easement servicing the 4.22 Acre Tract at the time Ms. Chiapella purchased the 14.33 Acre Tract.

22.   As of September 11, 2003, Defendant Firriolo owned both the 14.33 and 4.22 Acre Tracts in Fee Simple as evidenced by the respective deeds.

23.   In West Virginia, the doctrine of merger provides that when the owner of a dominant estate acquires the fee simple title to the servient estate, an easement appurtenant to the dominant estate is extinguished.

24.   Furthermore, the law of West Virginia establishes that no owner can use one part of his or her estate adversely to another part of his estate.

25.   Even assuming, *arguendo,* that the Original Easement or any other easement existed after February 6, 1990, which the Court has concluded was not the case, the 14.33 Acre Tract and 4.22 Acre Tract merged under the ownership of Thomas Firriolo and, therefore, any easement in existence was extinguished pursuant to the doctrine of merger as of September 11, 2003.

26.   At the time Chiapella purchased the 14.33 Acre Tract, there were no easements across the 14.33 Acre Tract to the 4.22 Acre Tract.

27.   [Omitted by the circuit court.]

28.   On September 11, 2003, the date Firriolo became the owner of the 4.22 acre tract, there were no valid easements effecting [sic] either the 4.22 acre tract or the 14.33 acre tract as a result of [the] LeFevers' February 6, 1990 Quit Claim Deed.

**6.**  The circuit court granted the motion of Anne Chiapella and John Frye to intervene in case number 01–C–8.

The instant appeal involves the challenge by the LeFevers to the November 26, 2007, order of the circuit court, in case number 34714, and their challenge to the April 30, 2008, order of the circuit court, in case number 34705. This Court consolidated the two cases for consideration and decision.

## II.

### STANDARD OF REVIEW

In case number 34714, this Court is called upon to review the circuit court's decision that reformed the settlement agreement between the LeFevers and Mr. Firriolo. This Court's standard of reviewing the circuit court's order is as follows:

> This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.

Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

In case number 34705, the circuit court granted First American's motion for summary judgment in a declaratory judgment action. In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." We will apply these standards in reviewing the circuit court's orders appealed by the LeFevers.

## III.

### DISCUSSION

#### 1. Case No. 34714

This Court will first consider the LeFevers' assignment of error in case number 34714 with regard to the circuit court's November 26, 2007, order. In this assignment of error, the LeFevers assert that the circuit court's reformation of their settlement agreement with Mr. Firriolo was inequitable to them. It is the position of the LeFevers that the court's mandated conveyance of the 4.22 acres to Mr. Frye is unfair because Mr. Firriolo acted improperly in contracting to

sell the land to Mr. Frye when he had no right to do so. Also, the sales contract signed by Mr. Frye for the purchase of the 4.22 acre parcel expressly indicated that Mr. Firriolo's sale of the 4.22 acres was contingent on the approval of the LeFevers. Therefore, conclude the LeFevers, it cannot be said that Mr. Frye did not have knowledge that the LeFevers had some type of legal interest in the property.

Mr. Frye and Ms. Chiapella counter that equitable estoppel should bar the LeFevers from exercising any legal right to the 4.22 acres. According to Mr. Frye and Ms. Chiapella, the LeFevers concealed material facts concerning their claim to the 4.22 acres when they delivered a deed to the parcel to Mr. Firriolo which purported to convey the property to him in fee simple. Further, the LeFevers failed to properly record the settlement agreement as expressly mandated by the circuit court in its dismissal order. Finally, there was reliance on the LeFevers' actions in that Ms. Chiapella purchased the 14.33 acre tract with the understanding that Mr. Frye would purchase the 4.22 acre tract, convey it to Ms. Chiapella, and thereby extinguish any easement encumbering the 14.33 acre parcel.

We find that the circuit court erred in reforming the settlement agreement to vest legal title in the 4.22 acre tract to Mr. Firriolo and in directing Mr. Firriolo to convey the tract to Mr. Frye in exchange for $26,000. The facts adduced below do not support Mr. Frye's and Ms. Chiapella's equitable estoppel argument. This Court has indicated:

> The general rule governing the doctrine of equitable estoppel is that in order to constitute equitable estoppel or estoppel in pais there must exist a false representation or a concealment of material facts; it must have been made with knowledge, actual or constructive of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice.

Syllabus Point 6, *Stuart v. Lake Washington Realty Corp.*, 141 W.Va. 627, 92 S.E.2d 891 (1956). The circuit court found in its November 26, 2007, order that the LeFevers committed no fraud or inequitable conduct in executing the settlement agreement with Mr. Firriolo, and we find nothing in the record to the contrary. While Mr. Frye and Ms. Chiapella claim that the LeFevers' conveyance of a fee simple deed for the 4.22 acres to Mr. Firriolo and the LeFevers' failure to record the settlement agreement constitute wrongful conduct, the evidence does not indicate that Ms. Chiapella relied on Mr. Firriolo's fee simple deed to the 4.22 acres in her purchase of the 14.33 acre parcel. To the contrary, the evidence indicates that Ms. Chiapella relied on the representations made by Mr. Firriolo about the availability of the 4.22 acre parcel. Moreover, Ms. Chiapella was not without knowledge that Mr. Frye's purchase of the 4.22 acres was contingent on Mr. Firriolo obtaining a release of the right of first refusal granted the LeFevers with regard to the 4.22 acre parcel.

■■■ This Court has held, concerning the reformation of contracts, that "[t]he jurisdiction of equity to reform written instruments, where there is a mutual mistake, or mistake on one side and fraud or inequitable conduct on the other, if the evidence be sufficiently cogent to thoroughly satisfy the mind of the court, is fully established and undoubted." Syllabus Point 2, *Nutter v. Brown*, 51 W.Va. 598, 42 S.E. 661 (1902). However, "[s]uch equitable remedy [to reform a written instrument] is not absolute, but depends upon whether the reformation sought is essential to the ends of justice." Syllabus Point 2, *Buford v. Chichester*, 69 W.Va. 213, 71 S.E. 120 (1911). We find that the circuit court's reformation of the settlement agreement between the LeFevers and Mr. Firriolo was not essential to the ends of justice. First, it was not essential to the ends of justice with regard to Ms. Chiapella because she did not rely on the LeFevers' conduct when she purchased the 14.33 acres based on her belief that she could also purchase the 4.22 acre parcel. In addition, the reformation of the contract was not essential to the ends of justice with regard to Mr. Firriolo. Even though Mr. Firriolo entered into the settlement agreement with the mistaken belief that the LeFevers had an express easement across his 14.33 acre parcel, at the end of the two-year duration of the agreement, Mr. Firriolo could receive back his $9,500.00 upon his reconveyance of the 4.22 acres to the LeFevers. Thus, there was no prejudice to Mr. Firriolo as a result of the mistake of fact. For these reasons, we find that there was no sound reason for the circuit court to reform the settlement agreement to deprive the LeFevers of their ownership of the 4.22 acre tract and to order that the tract be conveyed to Mr. Frye.

Therefore, this Court reverses the November 26, 2007, order of the circuit court, and we remand for the circuit court to direct the reconveyance of the 4.22 acres to the LeFevers upon their payment to Mr. Firriolo of $9,500.00 pursuant to the September 11, 2003 settlement agreement of the parties.[7]

### 2. Case No. 34705

This Court will next address alleged error raised by the LeFevers with regard to the circuit court's April 30, 2008, order in case number 34705. It is the position of the LeFevers that the circuit court erred in ruling that they have no implied easement across the 14.33 acres.[8]

---

7. In their brief to this Court, Mr. Frye and Ms. Chiapella argue that the circuit court properly imbued the settlement agreement between the LeFevers and Mr. Firriolo with good faith and fair dealing when the court reformed the agreement. We find no merit to this argument. The covenant of good faith and fair dealing is not applicable to the facts of this case.

8. It is the position of Mr. Frye and Ms. Chiapella that the circuit court ruled only that there was no express easement across the 14.33 acres, but did not address whether the LeFevers have any other type of easement. This Court rejects this position. Our review of the circuit court's April 30, 2008, order indicates that the court determined that there were no easements of any kind encumbering the 14.33 acres. Specifically, the circuit court concluded as a matter of law that "[b]ecause no subsequent easement was recorded [after the original easement was released by the 1990 quit claim deed] and there has been no judicial determination that a subsequent easement by necessity or any other easement was created, there was no easement servicing the 4.22 Acre Tract at the time Ms. Chiapella purchased the 14.33 Acre Tract." However, at the

Mr. Frye and Ms. Chiapella assert that any easement owned by the LeFevers was extinguished by the doctrine of merger because Ms. Chiapella now possesses both the 4.22 acres and the 14.33 acres as a result of the circuit court's November 26, 2007, order. However, because this Court above reversed the circuit court's November 26, 2007, order and directed that the 4.22 acre parcel be reconveyed to the LeFevers pursuant to the terms of the September 11, 2003 agreement between the LeFevers and Mr. Firriolo, we find that the doctrine of merger as it relates to the merger of title to both the 4.22 acres and the 14.33 in Ms. Chiapella is rendered moot.[9]

In addition, in accord with the circuit court's finding, First American contends that any implied easement owned by the LeFevers was extinguished by the doctrine of merger when Mr. Firriolo obtained title to both the 4.22 acres and the 14.33 acres as a result of the September 11, 2003, settlement agreement between the LeFevers and Mr. Firriolo. Specifically, the circuit court concluded as a matter of law that "[e]ven assuming, *arguendo*, that the Original Easement or any other easement existed after February 6, 1990, which the Court has concluded was not the case, the 14.33 Acre Tract and 4.22 Acre Tract merged under the ownership of Thomas Firriolo and, therefore, any easement in existence was extinguished pursuant to the

doctrine of merger as of September 11, 2003." [10]

We reject the position that the merger of the two tracts under the ownership of Mr. Firriolo extinguished any implied easement then in existence. As noted above, after title to both the 4.22 acre tract and the 14.33 acre tract merged under the ownership of Mr. Firriolo, he subsequently sold the 14.33 acre tract to Ms. Chiapella. This constitutes a severance of the merged tracts leaving the 4.22 acre tract landlocked. Moreover, this Court has determined in case number 34714 that the 4.22 acre tract is to be reconveyed to the LeFevers. As a result, the LeFevers should now have the opportunity to prove that they possess an implied easement across the 14.33 acre tract. However, before the circuit court can declare whether a valid easement encumbers the 14.33 acre parcel, the court must make further inquiry of the facts which are necessary to apply our law on implied easements.

Having found that the circuit court's reasons for granting summary judgment to First American were in error, we find it necessary to reverse the circuit court's April 30, 2008, order and to remand for the circuit court to determine whether the LeFevers have an implied easement across the 14.33 acre tract owned by Ms. Chiapella. In this Court's recent opinion in *Cobb v. Daugh-*

---

time Ms. Chiapella purchased the 14.33 acres on October 21, 2003, the LeFevers reasonably believed that they had an express easement across the 14.33 acres. As a result of this belief, the LeFevers had no reason to seek a judicial determination that they had an implied easement across the 14.33 acres prior to Ms. Chiapella's purchase.

9. Despite the fact that the deed to the 4.22 acres conveyed to Mr. Firriolo by the LeFevers pursuant to the September 11, 2003 agreement purported to be in fee simple, this did not prevent the LeFevers from proving the existence of their agreement with Mr. Firriolo with regard to the conveyance. This Court has explained:

A deed, absolute on its face, can be declared a mortgage, and the right to redeem may be established by parol evidence. A court considers several factors, including the intention of the parties; the existence of a debt to be secured; the circumstances under which the conveyance was made; [and] whether the grantor remained in possession[.]

*Dishman v. Jarrell*, 165 W.Va. 709, 711, 271 S.E.2d 348, 349–350 (1980) (citations omitted). Similarly, in the instant case, the evidence indicates that it was fully understood by the LeFevers and Mr. Firriolo that Mr. Firriolo was taking title to the 4.22 acres under certain conditions. Specifically, the fact that Mr. Firriolo placed in the contract for the sale of the 4.22 acres to Mr. Frye that the sale was contingent on the LeFevers' "right of first refusal," as well as the fact that he moved to have the circuit court reform the agreement based on a mutual mistake of fact indicates that he understood that the conveyance of the 4.22 acres was made subject to the terms of his agreement with the LeFevers.

10. With regard to the doctrine of merger, this Court has held that "[w]hen the owner of a dominant estate acquires the fee simple title to the servient estate, an easement appurtenant to the dominant estate is extinguished." Syllabus Point 2, *Henline v. Miller*, 117 W.Va. 439, 185 S.E. 852 (1936).

**698**

*erty,* 225 W.Va. 435, 693 S.E.2d 800 (2010), we clarified our law on implied easements. This Court explained in *Cobb* that "[t]here are two forms of implied easements: an easement implied by necessity (which in West Virginia is called a 'way of necessity'), and an easement implied by a prior use of the land (also called an easement implied from a 'quasi-easement')." Syllabus Point 3, *Cobb.* We indicated further that,

> To establish an easement implied by necessity (which in West Virginia is called a "way of necessity"), a party must prove four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) at the time of the severance, the easement was strictly necessary for the benefit of either the parcel transferred or the parcel retained; and (4) a continuing necessity for an easement.

Syllabus Point 4, *Cobb.* With regard to establishing an easement implied by prior use, we held:

> To establish an easement implied by a prior use of the land, a party must prove four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) the use giving rise to the asserted easement was in existence at the time of the conveyance dividing the property, and the use has been so long continued and so obvious as to show that the parties to the conveyance intended and meant for the use to be permanent; and (4) the easement was necessary at the time of the severance for the proper and reasonable enjoyment of the dominant estate.

**11.** It is noteworthy that *Berkeley Development Corp. v. Hutzler,* 159 W.Va. 844, 852, 229 S.E.2d 732, 736 (1976), holds that a bona fide purchaser without notice *does* take a servient estate subject to a way of necessity.

**12.** Because of our disposition of these consolidated cases, we deem it unnecessary to consider the

Syllabus Point 6, *Cobb.* We remand for the circuit court to make the necessary findings of fact and to apply this Court's law on implied easements as set forth in *Cobb* in determining whether Ms. Chiapella's 14.33 acre parcel is encumbered by an implied easement for the benefit of the LeFevers' 4.22 acre parcel.[11]

## IV.

### CONCLUSION

For the reasons stated above, this Court reverses the November 26, 2007, order of the Circuit Court of Morgan County in case number 34714, and we remand with directions to the circuit court to direct the conveyance of the 4.22 acres to the LeFevers upon the payment of the LeFevers $9,500.00 to Thomas Firriolo pursuant to the parties' September 11, 2003 settlement agreement.

This Court reverses the April 30, 2008, order of the Circuit Court of Morgan County in case number 34705, and we remand to the circuit court with directions that the circuit court determine whether the LeFevers have an implied easement across Ms. Chiapella's 14.33 acres for the benefit of the LeFevers' 4.22 acres under our law on implied easements articulated in *Cobb v. Daugherty,* 225 W.Va. 435, 693 S.E.2d 800 (2010).[12]

**Case No. 34714—Reversed and remanded with directions.**

**Case No. 34705—Reversed and remanded with directions.**

other assignments of error raised by the LeFevers.